**In the Matter of Harland J. KEWIN, Debtor.**

**Michael MASON, Trustee, Plaintiff,**

**v.**

**Homer J. KEWIN, Defendant.**

**Bankruptcy No. 81–00161.**
**Adv. No. 81–0177.**

United States Bankruptcy Court,
E.D. Michigan, S.D.,
Flint.

Oct. 29, 1982.

Michael Mason, Flint, Mich., for plaintiff.

Thomas C. Stipes, Flint, Mich., for defendant.

MEMORANDUM OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

*Introduction*

·This matter comes before the Court upon the complaint of the trustee, Michael Mason, against the defendant, Homer J. Kewin, on the basis of an alleged preferential transfer paid by the debtor, Harland J. Kewin, to the defendant in contravention of

section 547(b) of the Bankruptcy Reform Act of 1978 ("Code"). The defendant timely filed an answer to the complaint and the Court conducted a pretrial conference at which time the Court made certain findings of fact and limited the legal issues for trial.

This matter was tried before the Court on October 15, 1981, at which time the Court made further findings of fact and took the matter under advisement to allow the parties to file briefs in support of their positions. The briefs having been filed by the parties, this matter is now ready for decision.

*Findings of Fact*

The facts in this adversary proceeding are relatively concise and not in dispute. In September 1972, the debtor purchased a disability insurance policy from the Massachusetts Mutual Life Insurance Company which provided that in the event the debtor became disabled from performing substantially all of his duties of his usual occupation, then the insurance company was to pay the debtor $500 per month. In December 1972, the debtor did suffer an injury to his right knee when he was involved in a motorcycle accident in Florida. As a result, a claim was filed on the debtor's behalf with the insurance company for the benefits provided in the insurance policy.

The insurance company denied liability under the insurance policy, and subsequently, the debtor filed a lawsuit in state court to recover damages against the insurance company. The jury in the state court lawsuit returned a verdict in favor of the debtor in the amount of $125,000 for both mental and emotional distress, as well as exemplary damages. The case then went up on appeal and was ultimately affirmed in part and reversed in part by the Michigan Supreme Court. *See Kewin v. Massachusetts Mutual Life Insurance Company,* 409 Mich. 401, 295 N.W.2d 50 (1980).

Between the time of the Michigan Supreme Court's decision, August 5, 1980, and the date on which the debtor filed his voluntary petition for relief in this Court on February 17, 1981, two significant events occurred. First of all, rather than retrying the state court lawsuit, the parties stipulated to a judgment in favor of the debtor in the amount of $55,000. After deducting court costs and attorney fees, the debtor's net award amounted to $27,500. The second significant event occurred in December 1980 when the debtor paid to the defendant $6,518.32.

At the time of the pretrial conference, this Court entered the following findings of fact which were stipulated to by the parties:

1. The debtor, Harland J. Kewin, made a payment of $6,518.32 to his father, Homer J. Kewin, in December of 1980, as a repayment of a loan.

2. The transfer of funds was made within ninety days of the petition in bankruptcy.

3. The payment was made to or for the benefit of a creditor.

4. The payment was for or on account of an antecedent debt owed by the debtor before the transfer was made.

At the conclusion of the trial, the parties stipulated to findings of fact and conclusions of law which would have supported a judgment in favor of the trustee for a preferential transfer in the amount of $6,518.32, except for the fact that the defendant claimed that the payment of this amount was from exempt property, and as a result, could not be recovered by the trustee. Therefore, it was the limited legal issue of whether or not the source of payment should be considered in determining whether a preferential transfer occurred which was taken under advisement by the Court.

*Issue*

As stated above, the sole legal issue presented for the Court's determination is whether the payment of a preferential transfer out of potentially exempt funds can nevertheless be recovered by the trustee in bankruptcy pursuant to section 547(b) of the Bankruptcy Code.

*Discussion of Law*

It should be noted at the outset that the trustee has not objected to the exemptibili-

ty of the insurance proceeds paid to the debtor. The trustee does object, however, to the transfer of funds from the debtor to the defendant on the basis that such a transfer constitutes a preferential payment. The elements which must be proved to recover a preferential transfer by the trustee are contained in section 547(b) of the Bankruptcy Code which reads in its entirety:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547(b).

Subsection (c) of 11 U.S.C. § 547 includes all of the exceptions to the trustee's avoidance powers for preferential transfers. The subsection does not include payments which were made out of potentially exempt assets. Therefore, it is the trustee's position that he has proven all the elements necessary to recover the payment made by the debtor to the defendant, and accordingly, is entitled to a judgment in the amount of $6,518.32. In support of his position the trustee cites to the cases of *In re Gulf States Marine, Inc.,* 6 B.C.D. 79 (Bkrtcy.W.D.La.1980) and *In the matter of Thrifty Super Market, Inc.,* 6 B.C.D. 214 (Bkrtcy.S.D.Fla.1980). The defendant, on the other hand, does not cite to any case law or statutory provisions to support his claim that a trustee in bankruptcy cannot avoid a preferential transfer made out of potentially exempt assets. Instead, the defendant goes into an extended discussion of the exemptibility of the insurance proceeds paid by the insurance company to the debtor, and out of which, the payment to the defendant was made. Although the defendant's argument may indeed be valid, that is not the issue presently before the Court.

The cases cited by the trustee, although not on point, do support his position that he has proven a preferential transfer. In each case the court upheld the trustee after finding that the trustee had established each of the five elements to avoid a preferential transfer. However, neither of the cases cited by the trustee addressed the issue of whether the payment of a preferential transfer out of potentially exempt funds can nonetheless be avoided by the trustee in bankruptcy. Therefore, this Court must rely on its own independent research.

The case most directly on point is *In the Matter of Ziegler,* 20 B.R. 449 (Bkrtcy.S.D. Ohio 1982). In *Ziegler,* the debtors conveyed their interest in their homestead to their sons within two months prior to their filing a voluntary petition in bankruptcy. The debtors had voluntarily conveyed the property, in part, because one of the sons had provided $2,700 as a down payment on the house, for which he had not received payment from the debtors.

The trustee in *Ziegler* objected to the claimed exemption made by the debtors in contemplation of setting aside the transfer of the real estate in question as a fraudulent conveyance under section 548 of the Bankruptcy Code. The court in *Ziegler* upheld the position taken by the trustee and stated as follows:

The question which remains is whether any exemption Debtors would have had in the home but for the pre-petition transfer has been forfeited by the transfer, assuming *arguendo* that such transfer is voidable as a fraudulent conveyance under 11 U.S.C. § 548(a)(2)(A) and (B)(i). It is the determination of the Court that Debtors exemptions in the home equity have been waived by the voluntary relinquishment of property interests prior to the Petition filing. *Id.* at p. 452.

The court in *Ziegler* distinguished between those transfers which a debtor might properly claim as exempt from those which a trustee could properly avoid on the basis of whether the transfer was voluntarily or involuntarily made. To use the court's exact words:

> The Code does not contemplate exemptions on behalf of Debtors who have voluntarily transferred their property rights so as to give rise to the Trustee's avoidance powers, since these powers typically involve attempts by debtors to transfer or distribute estate assets to avoid equal distribution among unsecured creditors. Avoidance of such transfers for the benefit of creditors does not restore Debtors' property interest; and, because the parties acted in good faith and did not conceal the transaction does not alter this principle.

This concept was firmly clarified by Section 6, of the Bankruptcy Act, (11 U.S.C. § 24) in 1938 for the sake of national uniformity, finally to resolve a conflict that had developed among state court decisions. The only change adopted by section 522(g) is to make it clear that a debtor does not lose an exemption if the property was transferred involuntarily, as on execution or other process. If there is a voluntary transfer, as herein, the exemption is deemed waived, and it is not a condition that the transfer be fraudulent or avoidable by a Trustee in Bankruptcy. Otherwise, the traditional principles antedating enactment of the Bankruptcy Code still prevail. *Id.* at pp. 452–453.

It is the opinion of this Court that the reasoning used in *Ziegler, supra,* should also be applied to the facts of the present case. Accordingly, since the transfer made by the debtor to the defendant was a voluntary transfer, the debtor cannot claim the money as exempt. Therefore, the defense raised by the defendant is without merit.

*Conclusion*

For the foregoing reasons, it is the considered opinion of this Court that the trustee has fully proved a cause of action under section 547 of the Bankruptcy Code and that the defendant's defense that the money paid by the debtor were potentially exemptible is not a viable defense to the trustee's *prima facie* case because the transfer was voluntary. Therefore, the trustee is entitled to a judgment against the defendant in the amount of $6,518.32 plus interest and costs.

A separate order shall be entered by this Court in compliance with this Memorandum Opinion and Rule 921 of the Rules of Bankruptcy Procedure.