**In re Joseph Hunter HITE, Debtor.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Joseph Hunter HITE, Defendant.**

**Bankruptcy No. 381–02126.
Adv. No. 383–0192.**

United States Bankruptcy Court,
M.D. Tennessee.

July 2, 1985.

Sylvia Ford Brown, Asst. U.S. Atty., Nashville, Tenn., for plaintiff.

C. Kinian Cosner, Jr., Nashville, Tenn., for debtor.

### MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the plaintiff's motion for summary judgment. The plaintiff asserted that a $5,470.56 penalty for tobacco allotment violations assessed against the debtor by the Logan County Agricultural Stabilization and Conservation Service (hereinafter referred to as "ASCS") pursuant to 7 U.S.C. 1314 (Law. Co-op 1978) is nondischargeable under 11 U.S.C. 523(a)(7) (West 1979). The debtor responded, claiming that the assessment is not a penalty within the meaning of Section 523(a)(7). Upon consideration of stipulations of fact, affidavits, statement of counsel, and the entire record, the court holds that the plaintiff's motion for summary judgment shall be GRANTED.

The following represents findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The parties have stipulated to the facts. On August 2, 1982, the debtor was notified by the Logan County, Kentucky, ASCS office that a penalty of $5,470.46 had been assessed against him for false identification of 1,882 pounds of burley tobacco and excess marketing of 6,288 pounds of air-cured tobacco during the 1977 crop year. This action was taken pursuant to 7 U.S.C. 1314(a), and notice of the assessment was sent to the debtor on August 2, 1982.

On or about August 5, 1982, Mr. Hite went to the Logan County, Kentucky, ASCS office to inquire about the penalty. According to the declaration [1] of Dorothy L. Dickens, program specialist for the Kentucky State ASCS office, Willye Engler of the Logan County ASCS office telephoned her on August 5 and told her that the debtor was in his office inquiring about the penalty. Ms. Dickens spoke with the debtor over the telephone and advised him that he had 15 days from the date of his letter to appeal the penalty to a marketing quota review committee. The committee would hear his case and make a determination. After the review committee, the debtor's next avenue of appeal would be to file suit. Finally, Ms. Dickens advised Mr. Hite that he had 15 days from the date of each of his three penalty demand letters to file an appeal.

The debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 6, 1981. He was granted a discharge on October 6, 1981. On December 29, 1983, the debtor filed an application to reopen his case to add the ASCS as a creditor and to discharge the $5,470.56 penalty. The case was reopened, and the plaintiff filed a nondischargeability com-

---

1. Ms. Dickens' unsworn declaration under penalty of perjury is admissible for purposes of a summary judgment motion pursuant to 28 U.S.C. 1746 (West Supp.1985).

plaint under 11 U.S.C. 523(a)(7) (West 1979).

The Bankruptcy Code provides that a debt is nondischargeable "... to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty...." 11 U.S.C. 523(a)(7) (West 1979). To determine whether an assessment falls within Section 523(a)(7), the court must determine whether it is penal or pecuniary in nature. A penal assessment is nondischargeable so that "... a debtor is unable to use the Bankruptcy Code to evade penalties visited upon him by society." *Sachs v. Ryan*, 15 B.R. 514, 520 (Bankr.D.Md.1981).

To determine the nature of a particular assessment, courts have focused on the congressional intent of the statute authorizing the assessment and on the economic situation of the parties. The court in the case of *Tennessee v. Daugherty*, 25 B.R. 158 (Bankr.E.D.Tenn.1982) held that a civil penalty for violations of the Tennessee Mineral Surface Mining Law of 1972, TENN.CODE ANN. 59–8–201, *et seq.* (Supp.1982), was nondischargeable. This decision was based on the findings that the statute was enacted for the environmental welfare of the state and that Tennessee had not incurred any actual pecuniary loss.

Likewise, the court in *Caggiano v. Boston*, 34 B.R. 449 (Bankr.Mass.1983) focused on the intent and purpose of a traffic fine statute as well as the economic effect of the fines in determining the dischargeability of certain fines and surcharges. The court noted that the underlying fine as well as a first automatic surcharge were penal in nature since the statute imposed them to facilitate the city government's regulation of traffic and parking. However, a second surcharge was pecuniary in nature since it was imposed to reimburse the clerk for performing additional procedures upon the

nonpayment or nonappearance of the fined party. *See also New York v. Hemingway*, 39 B.R. 619 (N.D.N.Y.1983); *Marshall v. Tauscher*, 7 B.R. 918 (Bankr.E.D.Wis. 1981).

The statute authorizing the assessment against the debtor in this case states in relevant part:

"The marketing of any kind of tobacco in excess of the marketing quota for the farm on which the tobacco is produced shall be subject to a penalty of 75 per centum of the average market price ... for such kind of tobacco for the immediately proceeding marketing year.... [i]f any producer falsely identifies or fails to account for the disposition of any tobacco, an amount of tobacco equal to the normal yield of the number of acres harvested in excess of the farm acreage allotment shall be deemed to have been marketed in excess of the marketing quota for the farm, and the penalty in respect thereof shall be paid and remitted by the producer." 7 U.S.C.S. 1314(a) (Law Co-op. 1978).

In construing this statute, the Fourth Circuit in the case of *United States v. Whittle*, 287 F.2d 638 (4th Cir.1961) recognized that the congressional intent of the statute was "... to prevent the marketing of excess amounts of tobacco. The penalty is intended as a deterrent against overproduction." *Whittle* at 640 (quoting *Puckett v. Sellars*, 235 N.C. 264, 69 S.E.2d 497, 499 (N.C.1952)). Based on the clear statutory language and case law, the court finds that the assessment made against the debtor pursuant to 7 U.S.C. 1314 (Law. Co-op. 1978) was levied by a governmental unit as a penalty to deter overproduction and is a nondischargeable debt pursuant to 11 U.S.C. 523(a)(7) (West 1979).[2]

Accordingly, the court hereby ORDERS, ADJUDGES and DECREES that the plaintiff's motion for summary judgment is GRANTED and that the $5,470.56 penalty

---

2. The records indicate that the defendant has raised an issue concerning whether the Agricultural Stabilization and Conversation Service complied with the proper procedures in notify- ing the debtor of his appeal rights. The court will not address this issue since this is not the proper forum for such a determination.

assessed by the Kentucky Agricultural Stabilization and Conservation Service is nondischargeable.

IT IS, THEREFORE, SO ORDERED.