In re T.R. RENFROW, Debtor.

T.R. RENFROW, Plaintiff,

v.

COMMONWEALTH OF KENTUCKY, KENTUCKY NATURAL RESOURCES ENVIRONMENTAL PROTECTION CABINET, Defendant.

Bankruptcy No. 4–88–00314(3)7.
Adv. No. 4–88–0049.

United States Bankruptcy Court,
W.D. Kentucky.

July 17, 1989.

Paul Musselwhite, Radcliffe, Ky., for debtor/plaintiff.

Karen S. Moore, Frankfort, Ky., for defendant.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This matter is before the Court on the motion of the defendant, Commonwealth of

Kentucky, Natural Resources and Environmental Protection Cabinet ("Cabinet") for summary judgment. The plaintiff/debtor, T.R. Renfrow, ("Renfrow") has filed a brief memorandum in response to the defendant's motion and the Court has reviewed same. For the following reasons, the Court must sustain the plaintiff's motion.

At all relevant times, Renfrow was an officer and shareholder of RMR Investments, Inc. ("RMR"). Pursuant to its authority, the Cabinet issued to RMR two permits authorizing RMR to mine coal on a tract of land in Ohio County, Kentucky. In September of 1984, a preliminary hearing was held in the Madisonville regional office of the Cabinet which resulted in an assessment of civil penalties against RMR in the amount of $47,400.00 for violations of K.R.S. Chapter 350 and regulations promulgated pursuant thereto. Apparently, the Cabinet mailed a Notice of Noncompliance to RMR Investments on June 12, 1984 and issued a Cessation Order on June 21, 1984. At the hearing, only the Cabinet appeared. The hearing officer recommended that the Notice of Noncompliance and the Cessation Order be accepted as admitted by default, and that the civil penalty assessed in the Notice of Proposed Assessment in the amount of $47,400.00 be accepted and adopted by the secretary by order. On October 31, 1984, the secretary for the Cabinet issued an order adopting the findings and conclusions of the hearing officer and assessed a penalty in the amount of $47,400.00.

On March 4, 1986, another preliminary hearing was held in the Madisonville regional office of the Cabinet pursuant to 405 KAR 7:090, Section 4, due to RMR's violation of state laws relating to surface mining of coal as set forth in K.R.S. Chapter 350 and the corresponding regulations. In this particular proceeding, the Cabinet named RMR and Thomas Renfrow, Bobby McPhearson and Betty Robbins as defendants. As in the previous proceeding, a Notice of Noncompliance was issued on October 25, 1985 and an Order for Cessation was issued on November 12, 1985. In his findings and recommendations, the hearing officer recommended that both the Notice of Noncompliance and the Order of Cessation be accepted, as admitted by default, and that the civil penalty assessed in the proposed assessment worksheet be accepted and adopted by the secretary. The hearing officer also found that the proof was unrebutted that defendants, Bobby McPhearson and Betty Robbins, had no active or material involvement with RMR Investments. An order was entered on June 4, 1986 by the secretary for the Cabinet assessing penalties in the amount of $25,800.00 against RMR and Renfrow, individually.

Both of these orders became final when no appeal was taken by RMR or Renfrow. Later, the Cabinet commenced two legal proceedings in the Franklin Circuit Court against Renfrow to collect the assessed civil penalties in the sum of $78,280.00. Renfrow filed a voluntary Chapter 7 petition on May 2, 1988 and subsequently, filed this adversary proceeding on September 27, 1988, requesting the Court to determine the dischargeability of the indebtedness owed by him to the Cabinet. The Commonwealth has filed this motion for summary judgment seeking the Court's determination that the civil penalties owed to them are nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

That section provides that:

(a) A discharge under § 727 ... of this title does not discharge an individual debtor from any debts

(7) To the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a government unit, and is not compensation for actual pecuniary loss, ...

11 U.S.C. § 523(a)(7). Since the issue in this case is of a legal nature, as opposed to a factual dispute, the Court finds summary judgment appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In order to determine whether the civil penalties assessed by the Cabinet fall within the purview of § 523(a)(7), the Court must decide whether they are penal or pecuniary in nature. *In re Daugherty*, 25

B.R. 158 (Bankr., E.D.Tenn.1982; *In re Hite*, 53 B.R. 21 (Bankr., E.D.Tenn.1985). An examination of the legislative intent, which is clearly and amply set forth in the statute authorizing the assessment of civil penalties, helps in making this determination. Pursuant to K.R.S. 350.020, the legislature has granted broad regulatory powers to the Natural Resources Cabinet including the authority to assess fines and penalties against those persons who violate the regulations promulgated pursuant to K.R.S. 350.028. K.R.S. 350.020 states, in pertinent part:

The General Assembly finds that the Commonwealth is the leading producer of coal and that the production of coal in Kentucky contributes significantly to the nation's energy needs. The General Assembly further finds that unregulated surface coal mining operations cause soil erosion, damage from rolling stones and overburdened landslides, stream pollution, the accumulation of stagnant water and the seepage of contaminated water, increase the likelihood of floods, destroy the value of land for agricultural purposes, destroy aesthetic values, counteract efforts for the conservation of soil, water and other natural resources, destroy or impair the property rights of citizens, create fire hazards and in general create hazards dangerous to life and the property, so as to cause an eminent and inordinate peril to the welfare of the Commonwealth ...

The General Assembly further finds that there are wide variations in the circumstances and conditions surrounding and arising out of surface coal mining operations due primarily to difference in topographical and geological conditions, and by reason thereof it is necessary, in order to provide the most effective, beneficial and equitable solution to the problem, that a broad discretion be vested in the authority designated to administer and enforce the regulatory provisions enacted by the General Assembly. The General Assembly further finds that primary governmental responsibility for regulating surface coal mining operations rests with state government and

hereby directs the Department for Natural Resources and Environmental Protection to take all actions necessary to preserve and exercise the Commonwealth's primary authority in regulating surface coal mining operations ...

Therefore, it is the purpose of this chapter to provide such regulation and control of surface coal mining operations as to minimize or prevent injurious effects on the people and resources of the Commonwealth. To that end, the Department is directed to rigidly enforce this chapter and to adopt whatever regulations are found necessary to accomplish the purpose of this chapter.

Based on this statutory language, it is clear that K.R.S. Chapter 350 was enacted for the environmental welfare of the people and property in the State of Kentucky, and, therefore, is not pecuniary in nature. Accordingly, the civil penalties assessed against Renfrow, individually, ($25,800.00) as a result of the Order entered by Secretary for the Cabinet on June 4, 1986, shall be deemed nondischargeable pursuant to § 523(a)(7) of the Code. The civil penalties assessed only against RMR which amounted to $47,500.00 shall only be deemed nondischargeable if the State Court civil proceeding successfully concludes that Renfrow is personally liable for those civil penalties. In order to resolve the State Court litigation, between the Cabinet, RMR and Renfrow, we hereby grant the Cabinet relief from the automatic stay so it may resume prosecution of the litigation.

This Memorandum–Opinion constitutes findings of fact and conclusions of law.

### ORDER

Pursuant to the attached Memorandum–Opinion,

IT IS HEREBY ORDERED that the motion of the defendant, Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet, ("Cabinet") for summary judgment be, and hereby is SUSTAINED.

IT IS FURTHER ORDERED that relief from the automatic stay is granted to the

Cabinet for the sole purpose of resuming the State Court litigation between the Cabinet, RMR Investments, Inc. and T.R. Renfrow.

This is a final order.