In the Matter of Brett C. MUSCATELL, Debtor.

Terry E. SMITH, Trustee, Plaintiff,

v.

Brett C. MUSCATELL, Defendant.

Bankruptcy No. 88–2760–8P7.

Adv. No. 88–444.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 23, 1989.

See also, Bkrtcy., 94 B.R. 774.

Norman Davidson, Tampa, Fla., for plaintiff.

Richard Agster, Tampa, Fla., for defendant.

## ORDER GRANTING MOTION FOR NEW TRIAL

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS MATTER came on for consideration upon Defendant, Brett C. Muscatell's Motion for New Trial. The Court reviewed the Motion and the record and finds:

On January 20, 1989, Plaintiff, Terry E. Smith (Trustee), filed a Motion for Summary Judgment. Along with the Motion, Trustee filed an "affidavit" in support of the Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56. Debtor filed a response and affidavits in opposition to Trustee's Motion. After reviewing the documents, the Court found no genuine issue

of material fact and granted Trustee's Motion for Summary Judgment on February 28, 1989. Defendant now seeks a new trial. Defendant contends Trustee's "affidavit" in support of the Motion for Summary Judgment is invalid because it was not notarized nor sworn to by the Trustee. Also, Defendant argues the affidavit did not meet the verification requirements set forth in Bankruptcy Rules 1008 and 9011(b) by failing to meet the standards set forth in 28 U.S.C. § 1746. Therefore, the Court should not have relied on it.

■ Fed.R.Civ.P. 56(e) requires the filing of an affidavit in support of a motion for summary judgment in federal court. Bankruptcy Rule 7056 states Fed.R.Civ.P. 56 applies in adversary proceedings in bankruptcy court. Therefore, an affidavit is required to be filed in support of a motion for summary judgment in bankruptcy court. However, Bankruptcy Rules 1008, 9011(b) and Fed.R.Civ.P. 56 permit an unsworn declaration in accordance with 28 U.S.C. § 1746 to be used in place of an affidavit for the purpose of satisfying the requirement of verification.[1] 28 U.S.C. § 1746 states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form . . .

> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

In 1976, Congress passed 28 U.S.C. § 1746 for the purpose of allowing the use of unsworn declarations given under the penalties of perjury in lieu of affidavits in all federal proceedings (including bankruptcy), except those mentioned in the statute. *Carter v. Clark*, 616 F.2d 228 (5th Cir. 1980), *citing* H.R.Rep. No. 94–1616, 94th Cong., 2nd Sess. 1, *reprinted* in 1976 *U.S. Code Cong. & Ad.News*, 5644, 5645. Therefore, two different documents may be used in support of a Motion for Summary Judgment. One document is the traditional affidavit which is defined as a sworn statement reduced to writing, subscribed and sworn to before some person having the authority to administer an oath or affirmation. *In the Matter of James E. Bennett*, 223 F.Supp. 423 (W.D.Mich.S.D.1963) *citing Esper v. Burns*, 161 Mich. 169, 175, 125 N.W. 740, 742 (1910). The other document is an unsworn declaration made under the penalties of perjury pursuant to 28 U.S.C. § 1746. *United States v. Hite (In re Hite)*, 53 B.R. 21, 22 (M.D.Tenn.1985).[2] Trustee's "affidavit" is actually an unsworn declaration made under the penalty of perjury, not a traditional affidavit. Thus, it need not be notarized nor sworn to, but must meet the standards of 28 U.S.C. § 1746.

Defendant next argues the "affidavit" Trustee filed with the Motion for Summary Judgment does not meet the verification requirements in accordance with 28 U.S.C. § 1746 because Trustee fails to use the language set forth in the statute: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date)." Instead, Trustee signed his name under the clause: "Signed under the pains and penalties of perjury this 20th day of January, 1986."

---

1. An unsworn declaration not made under the penalty of perjury will not satisfy the verification requirement under 28 U.S.C. § 1746. *United States v. Pilla*, 82–2 T.C. (CCM) 9500 (1982).

2. . . . "unsworn declaration under penalty of perjury is admissible for purposes of a summary judgment motion pursuant to 28 U.S.C. § 1746."

28 U.S.C. § 1746 does not mandate strict compliance with the exemplary clause provided in the statute. The statute clearly states the clause needs to be in substantially the same form as the one in the statute.[3] However, the statute specifically states the unsworn declaration must be "... in writing of such person which is subscribed to him, as *true* under the penalty of perjury ..." Thus, as long as the unsworn declaration includes the phrase, "penalty of perjury", and states the document is true,[4] the verification requirements of 28 U.S.C. § 1746 will be satisfied. Although Trustee signed the unsworn declaration under the penalty of perjury, he "...never declared [his] statement to be true and correct; therefore [his 'affidavit'] must be disregarded as summary judgment proof." *Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir.1988). Therefore, the Court finds Defendant's Motion for New Trial should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Defendant's Motion for New Trial is granted. It is further

ORDERED, ADJUDGED AND DECREED that the order granting Trustee's Motion for Summary Judgment entered on February 28, 1989 is vacated. The Court will reset a hearing on the Motion for Summary Judgment.

DONE AND ORDERED.

---

**3.** For example, in the case *Mount v. United States*, 2 Cl.Ct. 717 (1983), the United States Claims Court held a declaration submitted with the motion for summary judgment "... subscribed as true under the penalty of perjury" satisfied 28 U.S.C. § 1746.

**4.** Many decisions focus solely on the language "penalty of perjury." The *Nissho–Iwai* Court takes a strict approach to statutory language by mandating the use of the language in the exemplary clause provided for in 28 U.S.C. § 1746. However, in light of the statutory suggestion, it would appear the necessary language to be used in an unsworn declaration is "penalty of perjury" and a statement that the document is true or a synonym of true. Pragmatically, the continued inquiry found in these cases could be eliminated if the exemplary language in the statute was used verbatim.