COMMONWEALTH OF KENTUCKY, NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellant,

v.

**Millard Cecil SEALS, Appellee.**

Civ. No. 93–CV–0272–B.

United States District Court, W.D. Virginia, Big Stone Gap Division.

Nov. 30, 1993.

Stephen P. Thompson, J. Alec MacKenzie Natural Resources & Environmental Protection Cabinet, Frankfort, KY, for appellant.

Joseph E. Wolfe, Norton, VA, for appellee.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This is an appeal from the United States Bankruptcy Court regarding whether civil penalties assessed against the Appellee, Millard Cecil Seals ("Seals"), are dischargeable pursuant to 11 U.S.C.A. § 523(a)(7) (West 1993). The Bankruptcy Court held that all the civil penalties assessed against Appellee were discharged as those penalties did not fall within the § 523(a)(7) exception to discharge. Appellant, Commonwealth of Kentucky Natural Resources and Environmental Protection Cabinet ("Cabinet"), now appeals that ruling pursuant to 28 U.S.C.A. § 158(a) (West 1993).

### FACTS

The parties have stipulated as to the following facts. Cecil and Bob Coal Company, Inc. ("Company") was cited, on January 6, 1989, for violations of Kentucky's surface mining laws as contained in Chapter 350 of Kentucky Revised Statutes. Appellee was held personally liable for those violations

pursuant to section 350.990(9). Section 350.-990(9) subjects directors, officers, or agents of a corporation cited for violations of Kentucky's surface coal mining regulations to personal liability. Ky.Rev.Stat.Ann. § 350.-990(9) (Michie 1993). Pursuant to the January 6, 1989 citation, an Order of the Secretary of the Cabinet was filed which assessed a civil penalty in the amount of $1,840.00 against the Company and Appellee. The Cabinet filed a complaint for judgment on the Secretary's Order in Kentucky's Franklin Circuit Court. The Kentucky court entered a default judgment against the Company and Cecil Seals, holding each jointly and severally liable for penalties in the amount of $7,266.00. The $7,266.00 judgment represented the amount of the Secretary's Order plus interest and an additional civil penalty of $5,000.00.[1] However, the parties stipulate that this judgment has been reduced to $4,822.46 plus interest at the maximum legal rate provided by Kentucky law.

Stone Mountain Coal Company ("Partnership"), a partnership of which the Appellee was a partner, was cited for violations of Kentucky's surface mining laws on October 6, 1989. An Order from the Secretary of the Cabinet was filed on August 21, 1989, which issued a proposed penalty assessment of $73,380.00 against the Partnership. The Partnership never challenged that assessment. Subsequently, the Secretary filed an Order on March 26, 1990, holding the Partnership, Appellee, Robert Seals and Larry Brock[2] jointly and severally liable for the amount of the proposed assessment plus interest.[3] A complaint was filed against the Partnership in the Kentucky Franklin Circuit Court requesting judgment in the amount of the Secretary's Order plus an additional civil penalty of $5,000.00, interest and costs. The parties stipulate that the Cabinet had not obtained service of that complaint as of October 27, 1993.[4]

Also, there are four administrative cases pending before the Cabinet regarding violations of Kentucky's mining laws by the Company. The Cabinet is not currently seeking individual liability against Appellee in those cases, but Cabinet concedes that individual liability could eventually be asserted.[5]

On May 20, 1992, Appellee filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code and received a § 727 discharge on September 9, 1992. 11 U.S.C.A. § 301 (West 1993); 11 U.S.C.A. § 701 *et seq.* (West 1993). Subsequent to discharge, the question was raised as to whether the civil penalties assessed by the Secretary of the Cabinet had been discharged under § 727, or whether they were excepted from discharge by § 523(a)(7).[6] Thus, Appellee brought an adversary proceeding in the United States Bankruptcy Court for the Western District of Virginia in order to determine whether the civil penalties assessed against him for violations of Kentucky's mining laws were dischargeable under § 523(a)(7). The Bankruptcy Court held the penalties were dis-

---

1. The additional penalty was assessed pursuant to Ky.Rev.Stat.Ann. § 350.990(1) (Michie 1993).

2. Appellee, Robert Seals and Larry Brock were partners in the Stone Mountain Coal Company partnership.

3. The Order required payment of $73,380.00 together with prejudgment interest at the rate of 8 percent per annum from April 28, 1990 until date of judgment, and post-judgment interest on the civil penalty plus the accrued pre-judgment interest on the civil penalty plus the accrued pre-judgment interest at the maximum legal rate from the date of judgment until paid in full.

4. This court is not aware whether that complaint has been served or judgment rendered subsequent to that date.

5. "Individual liability" is important because only a debtor who is an "individual" is able to receive a § 727 discharge. 11 U.S.C.A. § 727(a)(1) (West 1993).

6. Section 727 incorporates the § 523 exceptions to discharge. Section 727(b) provides:

     (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

11 U.S.C.A. § 727(b).

charged and the Appellant now appeals that ruling.

## DISCUSSION

This court will now consider whether § 523(a)(7) provides for discharge of the civil penalties assessed against Appellee. In doing so, this court would point out that the Fourth Circuit has only briefly addressed the dischargeability of civil fines under § 523(a)(7).[7] Also, this court would note that there are no factual issues to be resolved as the issue before the court is strictly a question of law. On appeal from Bankruptcy Court, questions of law are reviewed *de novo. Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396 (4th Cir.1992).

█ Section 523(a) states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
>
> (A) relating to a tax of a kind not specified in paragraph (1) of this section; or
>
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

11 U.S.C.A. § 523(a)(7) (West 1993). Accordingly, where a tax penalty is not at issue, three requirements must be met before a debt is excepted from discharge: (1) there must be a debt for a fine, penalty, or forfeiture; (2) that debt must be payable to and for the benefit of a governmental unit; and

(3) that debt cannot constitute compensation for actual pecuniary loss.[8] In construing the Bankruptcy Code, "[c]ourts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.'" *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993) (quoting *Perrin v. U.S.*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979)).

### 1. Debt for a Fine, Penalty, or Forfeiture

█ Section 101 defines a "debt" as a "liability on a claim." 11 U.S.C.A. § 101(12) (West 1993). In turn, a "claim" is defined as being any

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; ....

11 U.S.C.A. § 101(5). Civil penalties, assessed by the Secretary of the Cabinet, constitute claims against the Appellee. According to § 101(5), it is immaterial whether those penalties have been reduced to judgment. The $4,822.46 plus interest judgment is an enforceable claim against the Appellee. The penalty in the amount of $73,000.00 plus interest is enforceable by Order of the Secretary of the Cabinet.[9] This court declines to rule as to whether the amounts pending in administrative hearings would constitute claims against the Appellee. In sum, this court finds that the $73,000 order and the $4,822.46 judgment constitute "debts" for the purpose of § 523(a)(7).

### 2. Debt Payable to and for the Benefit of a Governmental Unit

█ Section 101 defines the term "governmental unit" as meaning "United States;

---

**7.** *See infra* discussion of *Williams v. Motley*, 925 F.2d 741 (4th Cir.1991).

**8.** Only one court, *In re Corbly*, 149 B.R. 125 (Bankr.D.S.D.1992), has interpreted § 523(a)(7) as incorporating the three year requirement contained in § 523(a)(7)(B) as a general requirement conditioning whether *any* claim may be excepted from discharge. However, this court is of the opinion that the provisions contained in § 523(a)(7)(A) and (B) apply only in regard to tax penalties and are not at issue in this case.

**9.** Appellant has filed suit for judgment on the $73,000.00 Order plus an additional penalty of $5,000.00. However, the Cabinet has not yet obtained service of the complaint in that suit. Because there has not yet been any determination that the additional penalty of $5,000.00 should be assessed against the Appellee, this court declines to rule as to the dischargeability of the additional penalty sought or any other additional fees not yet assessed against Appellee.

State; *Commonwealth;* ... department, agency, or *instrumentality of* the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, *a Commonwealth....*" 11 U.S.C.A. § 101(27) (emphasis added). According to section 350.020, the Commonwealth of Kentucky directed and authorized the Cabinet to take all necessary action to preserve and exercise the Commonwealth's authority with regard to the regulation of surface coal mining. Thus, the Cabinet, as an instrumentality of the Commonwealth of Kentucky, constitutes a "governmental unit" under the Bankruptcy Code. Also, the Orders, pursuant to which the $73,000.00 and $4,822.46 debts are assessed, require that those penalties be paid to the Kentucky State Treasurer. *See also* Ky.Rev.Stat.Ann. § 350.139 (requiring payment of all civil penalties to be deposited in the State Treasury to the credit of the general fund). Since the penalties at issue are assessed by a state regulatory agency and payable to the Commonwealth of Kentucky, this court finds that such penalties are "payable to and for the benefit of a governmental unit" as required by § 523(a)(7).

### 3. Non-compensatory Debt Requirement

■ It is a more difficult task to determine whether the civil penalties in the amounts of $4,822.46 and $73,000.00 are compensatory in nature. If the penalties are compensatory, then they are not excepted

from discharge. The Appellant contends that the penalties at issue are strictly penal in nature. The Appellee, on the other hand, contends that civil penalties were never to be considered under the § 523 exception to discharge. According to Appellee, prior to enacting the current Bankruptcy Code, case law had distinguished between civil and criminal penalties such that only criminal penalties had been held non-dischargeable. *See In re Moore,* 111 F. 145, 148–49 (D.Ky.1901). Thus, Appellee argues that the present language of § 523(a)(7) implicitly incorporates a judicially created distinction which provides that only criminal penalties are to be excepted from discharge. However, absent statutory language demonstrating a contrary intent,[10] this court is of the opinion that § 523 is applicable to both criminal and civil penalties. This court is, further, of the opinion that the civil penalties in this case are not compensatory, and thus, are excepted from discharge pursuant to § 523(a)(7).

The Fourth Circuit has recognized a distinction between fines which are "intended 'to partially defray the cost of administration incurred by the [government] Department and the Commissioner'" and those fines which are "not compensation for actual pecuniary loss." *Williams v. Motley,* 925 F.2d 741, 745 (4th Cir.1991) (quoting Va.Code Ann. § 46.2–370 (Michie 1989)). In *Motley,* the Virginia Department of Motor Vehicles imposed a ten dollar fee for service of the

---

10. Appellee suggests that the rule of construction enunciated in *Midatlantic National Bank v. New Jersey Dept. of Environmental Protection* should be applied in determining dischargeability under § 523(a)(7). 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859, *reh'g denied,* 475 U.S. 1090, 106 S.Ct. 1482, 89 L.Ed.2d 736 (1986). That rule states that "if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." *Id.* 474 U.S. at 501, 106 S.Ct. at 759. This court is of the opinion that there are two reasons why such a rule is not controlling in this case. First, it is not clear under pre-Bankruptcy Code case law that such a judicially recognized construction existed. Second, the majority of case law examining this issue has held that civil penalties may be excepted under § 523 of the Bankruptcy Code and Congress has been silent in the face of such an interpretation.

   Appellee has also pointed to several Supreme Court rulings as evidencing that civil penalties

are not to be excepted from discharge. *See Pennsylvania Dep't of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) (restitution obligations imposed as conditions of probation in state criminal actions constitute "debts" and are dischargeable under Chapter 13); *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (restitution imposed as a condition of probation in state criminal proceedings was excepted from Chapter 7 discharge); *Ohio v. Kovacs,* 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985) (obligation imposed by state court due to debtor's failure to comply with state court injunction requiring clean up of hazardous waste constitutes a "debt" that is subject to discharge under the Bankruptcy Code). This court, however, is of the opinion that none of those cases address the present issue of the dischargeability of civil penalties under §§ 727 and 523.

notice of Motley's failure to pay a $300.00 uninsured motor vehicle assessment. *Id.* at 742. Motley subsequently filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code and sought determination of whether the ten dollar service fee was discharged under § 523(a)(7). The Fourth Circuit held that the service fee did not fall within § 523(a)(7) because the statute authorizing the service fee stated that the fee was imposed in order to "defray the administrative cost associated with serving the notice[.]" *Id.* 925 F.2d at 745. Accordingly, the Fourth Circuit has implicitly recognized § 523 as being applicable to civil fines and as not providing an exception to discharge where civil fines are imposed in order to compensate a governmental unit.

▇ Likewise, this court will examine whether the civil penalties in this case were assessed against Appellee in order to compensate the Cabinet for actual expenses incurred. First, as the Fourth Circuit did in *Motley,* this court will examine the language of the Kentucky statute under which the civil penalties were assessed. This court will also examine other bankruptcy decisions which have addressed this issue.

Chapter 350 regulates surface coal mining in Kentucky. Section 350.139 provides that all payments of civil penalties received by the Cabinet "shall be deposited in the State Treasury to the credit of the general fund." Ky.Rev.Stat.Ann. § 350.139(1) (Michie 1993). That section also provides for a certain percentage of funds paid as fees for the issuance of any permit for surface coal mining operations to go to the fiscal courts of the county in which the permitted operation is located for the general purposes of that fiscal court. Ky.Rev.Stat.Ann. § 350.139(2). Chapter 350, however, is silent as to how funds collected from the payment of civil penalties are to be spent. Although the statute is silent regarding how fees collected from civil penalties are to be spent, this court will not merely assume that such penalties do not go toward compensating the Cabinet, but will examine the purposes of both Chapter 350 and the penalty authorized by section 350.990.

According to section 350.020, the purpose of Chapter 350 is to authorize the Cabinet to "provide such regulation and control of surface coal mining operations as to minimize or prevent injurious effects on the people and resources of the Commonwealth." Ky.Rev. Stat.Ann. § 350.020. Because the Cabinet has authority to regulate regarding surface coal mining and the authority to enforce its regulations, "[m]any requirements in Chapter 350 are in the nature of prohibitions." Ky.Opp. Att'y Gen. No. 79-24 (Jan. 4, 1979). Moreover, the Attorney General for the Commonwealth of Kentucky has referred to the Cabinet's decision to enforce Kentucky mining regulations as the Cabinet's "discretion not to *'prosecute.'"* *Id.* (emphasis added).

In *In re Renfrow,* 112 B.R. 22 (Bankr. W.D.Ky.1989), the Bankruptcy court examined whether civil penalties assessed pursuant to 350.990 were excepted from discharge under § 523(a)(7). The *Renfrow* court held that such penalties met the requirements of § 523(a)(7) and were not discharged. The focal point of analysis for the *Renfrow* court was whether the civil penalties were "penal or pecuniary in nature." *Id.* at 23. Upon examination of the purposes to be furthered by Chapter 350, the *Renfrow* court concluded that "it is clear that K.R.S. Chapter 350 was enacted for the environmental welfare of the people and property in the State of Kentucky, and, therefore, is not pecuniary in nature." *Id.* at 24.

In *United States v. Lueking,* 125 B.R. 513 (E.D.Tenn.1990), the district court examined whether civil penalties assessed against Lueking Coal Company, for violations of the federal Surface Mining Control and Reclamation Act, were excepted from discharge under § 523(a)(7). 30 U.S.C.A. § 1201 *et seq.* (1993). After examining whether the civil penalties were compensatory or penal, the court concluded that the civil penalties at issue were "clearly penal in nature." *Lueking,* 125 B.R. at 516. The *Lueking* court noted three facts which illustrated that the civil penalties were not compensatory. First, the court noted that the calculation of penalties did not bear any relationship to the cost of reclaiming Lueking mines. Second, there was no requirement that the penalties collected were to be used to reclaim a Lueking mine. Third, the government had not suffered any actual pecuniary loss.

Likewise in the present case, it does not appear that the calculation of penalties in

section 350.990 are based upon the cost of repairing damages resulting from a violation. Section 350.990 assesses penalties based solely on the fact that a violation has occurred. Thus, penalties may be assessed without regard to actual damages. Also, Chapter 350 does not require that funds collected as payment of civil penalties under Chapter 350 are to be used to mitigate any damages resulting from a violation. Moreover, no evidence has been presented which illustrates that the Cabinet has suffered any actual loss during the time for which civil penalties were assessed. Thus, the facts in the present case lend themselves to the same conclusion as that reached by the *Lueking* court. That is, the penalties assessed in the present case are not compensatory but penal in nature.

Finding that civil penalties may be excepted from discharge under § 523(a)(7), where those penalties are penal in nature, is consistent with the majority of decisions which have addressed that issue.[11] *United States v. WRW Corp.*, 986 F.2d 138 (6th Cir.1993), *reh'g denied* (6th Cir. May 7, 1993) (civil penalties assessed for violations of the Federal Mine Safety and Health Act held nondischargeable); *In re Tapper*, 123 B.R. 594 (Bankr.N.D.Ill.1991) (civil penalties for violation of Illinois Consumer Fraud and Deceptive Business Practices Act held nondischargeable); *Lueking*, 125 B.R. 513 (civil penalties assessed pursuant to the Surface Mining Control and Reclamation Act of 1977 held nondischargeable); *In re Hatcher*, 111 B.R. 696 (Bankr.N.D.Ill.1990); *Renfrow*, 112 B.R. 22 (civil penalties for violation of Kentucky Surface Coal Mining Act held nondischargeable); *In re Poule*, 91 B.R. 83 (Bankr. 9th Cir.1988) (civil penalties assessed by California Registrar of Contractors for violation by debtor of licensing law were held nondischargeable); *In re Taite*, 76 B.R. 764 (Bankr. C.D.Cal.1987) (civil penalties imposed by state court judgment held nondischargeable); *In re Tinkham*, 59 B.R. 209 (Bankr.D.N.H. 1986) (civil penalties imposed for violation of New Hampshire law regarding waste disposal was nondischargeable).

This court is of the opinion that the penalties assessed pursuant to Chapter 350 are penal in nature. This court is also of the opinion that there is no evidence that funds generated from payment of civil penalties compensates the Cabinet for any expenses incident to enforcement.[12]

### CONCLUSION

This court holds that the decision of the Bankruptcy Court be REVERSED as the civil penalties assessed pursuant to the judgment in the amount of $4,822.46 and the amount assessed pursuant to the Order of the Secretary of the Cabinet filed on August 21, 1989, for the amount of $73,000.00 plus interest, are excepted from discharge pursuant to § 523(a)(7).

---

**11.** That is, where those penalties constitute "debts" which are payable to and for the benefit of governmental units as defined by the Bankruptcy Code.

**12.** Thus, this case is distinguishable from that of *Motley* where the Fourth Circuit found that a service fee was compensatory, and therefore, not excepted from discharge. *Motley*, 925 F.2d 741.