In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a the Singer Company, Debtor.

BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a the Singer Company, Plaintiff,

v.

SEMI-TECH MICROELECTRONICS (FAR EAST) LIMITED, Defendant.

Bankruptcy No. 89-8191-8P1.
Adv. No. 90-709.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 8, 1991.

Harley Riedel, Tampa, Fla., for plaintiff.

S.J. Zusmann, Jr., Orlando, Fla., for defendant.

Richard A. Nielson, Tampa, Fla.

Joseph W. Bell, San Francisco, Cal.

Assistant U.S. Trustee, Sara L. Kistler, Tampa, Fla.

### ORDER ON MOTION TO DISMISS A COUNTERCLAIM FILED BY BICOASTAL CORPORATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Dismiss filed by Semi–Tech Microelectronics (Far East) Limited (Semi–Tech) and SSMC, Inc. (SSMC). The Motion is addressed to a counterclaim filed by Bicoastal Corporation, d/b/a Simuflite, f/k/a The Singer Company (Debtor). The counterclaim is coupled with the Debtor's objections to two proofs of claim filed in this Chapter 11 case, one by Semi–Tech in the amount of $100 million (Claim No. 2889) and one filed by SSMC in the amount of $2.3 million (Claim No. 2888). In its counterclaim the Debtor sets forth its claims in three separate counts. In Count I the Debtor seeks to establish a right to an accounting by Semi–Tech; in Count II it seeks a money judgment based on royalties allegedly due and owing and not paid by Semi–Tech; and in Count III it seeks declaratory relief to determine the proper method of determining royalties allegedly due and owing by Semi–Tech to the Debtor. In due course both Semi–Tech and SSMC filed an Answer (sic) to the counterclaim of the Debtor in which each admitted the jurisdictional allegations set forth in Paragraph 4 of the Debtor's counterclaim.

The present Motion to Dismiss all three counts of the counterclaim, filed by the counter-defendants, is based on their contention, raised three weeks before the trial already scheduled, that this Court lacks subject matter jurisdiction over the claims asserted in the Debtor's counterclaim. Since both Semi–Tech and SSMC admitted in their respective answers to the counterclaim that this Court has jurisdiction, one must initially consider the contention by the Debtor that both Semi–Tech and SSMC waived this newly asserted defense. This is, of course, a threshold question, but having considered the same, this Court is satisfied that the Debtor's contention is without merit for the following reasons:

■ It is clear that a motion to dismiss under F.R.C.P. 12(b)(1), as adopted by Bankruptcy Rule 7012(b)(1), based on lack of subject matter jurisdiction, can be raised at any time, and a lack of jurisdiction of the subject matter cannot be waived by consent of the parties. *Love v. Turlington,* 733 F.2d 1562 (11th Cir.1984); *Beers v. North American Van Lines, Inc.,* 836 F.2d 910 (5th Cir.1988). Moreover, if the parties fail to do so, the Court must raise the issue on its own initiative, regardless of the stage of the proceedings. *Feigler v. Tidex, Inc.,* 826 F.2d 1435 (5th Cir.1987); *Manway Const. Co., Inc. v. Housing Auth. of the City of Hartford,* 711 F.2d 501 (2d Cir. 1983). *See also Moore's Federal Practice,* Vol. 2A, § 12.23, at 12–194–95 and 12–203.

In order to consider the merits of the contention of Semi–Tech and SSMC that this Court lacks jurisdiction of the subject matter, it is necessary to analyze first the underlying basis relied on by both Semi–Tech and SSMC in support of their Motion. This is so because if the Motion is, in fact, based on the proposition that the counterclaim fails to state a claim for relief and is not really based on the contention that this Court lacks subject matter jurisdiction, the matters which the Court may consider are totally different.

■ The crucial distinction between a Motion to dismiss for failure to state a claim and a Motion to dismiss for lack of subject matter jurisdiction is that under the former the Court may not consider anything but the complaint itself unless the Motion is treated as one for summary judgment. It is now well established that if a Motion to Dismiss is a factual attack on the jurisdiction of the Court, the Court may consider competent evidence such as affidavits, deposition testimony and the like in order to determine the factual dispute.

*Land v. Dollar,* 330 U.S. 731, 735, n. 4, 67 S.Ct. 1009, 1011, n. 4, 91 L.Ed. 1209 (1947). In this context it is also appropriate for a Court to take judicial notice of relevant portions of the pleadings filed in the case.

On the other hand, if the Motion to Dismiss is based on a proposition that the complaint or counterclaim fails to state a claim for which relief can be granted, it is clear that all allegations in a complaint or counterclaim shall be liberally construed in favor of the pleader. *Sinclair v. Kleindienst,* 711 F.2d 291 (D.C.Cir.1983). When considering a Motion to Dismiss on this ground, inquiry is limited, and the Court will consider nothing but the complaint or counterclaim. The Motion for failure to state a claim on which relief could be granted must be denied unless it appears without doubt that the plaintiff cannot prove a set of facts in support of the claim for which relief could be granted. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ In the present instance, Semi–Tech and SSMC rely on an Order entered by this Court on October 17, 1990 which dealt with an omnibus settlement agreement between the Debtor, Semi–Tech and SSMC. Both Semi–Tech and SSMC rely on the provisions of that Order which, in fact, provided that a settlement was contingent upon Semi–Tech's ability to obtain financing to purchase 522,692 shares of SSMC preferred stock. The Order further provided that if Semi–Tech failed to obtain the necessary financing, the terms of the settlement agreement and any previous settlement agreements would be null and void and disapproved by the Court. According to Semi–Tech and SSMC, this so-called self-destruct provision of the Order also nullified a provision of the Order which authorized the reassignment of the contract rights of Royalties to the Debtor. Therefore, Semi–Tech and SSMC contend the rights under the contract concerning the trademarks are still property of Royalties and not property of the Debtor. Thus, under the Court's Order, any controversy relating to the respective rights and obligations of the parties are between non-

debtors, i.e. Royalties and Semi–Tech and SSMC and not the Debtor. This being the case, Semi–Tech and SSMC contend that the controversy presented by the counterclaim filed by the Debtor is neither arising in, arising under and not even related to a Title 11 case, and, therefore, this Court lacks subject matter jurisdiction of the claims asserted by the Debtor in its counterclaim.

In the alternative, Semi–Tech and SSMC contend that even if the self-destruct provision of the Order of October 17, 1990 did not nullify the reassignment provision of the Order, this reassignment would be legally ineffective to confer subject matter jurisdiction by virtue of 28 U.S.C. § 1359. This Section provides, *inter alia,* that the "District Court shall not have jurisdiction of a specific action in which any party by assignment or otherwise has been improperly or collusively made or joined to invoke the jurisdiction of such court." The clear policy behind this provision of the Judicial Code is, of course, to prevent parties from improperly manufacturing an artificial federal jurisdiction through collusive assignments. *In re Maislin Industries, U.S., Inc.,* 66 B.R. 614 (E.D.Mich.1986).

The difficulty with the propositions urged by the Semi–Tech and SSMC are twofold. First, the provision of the October 17, 1990 Order, which dealt with the Debtor's right to acquire through reassignment the royalty contract and the rights related to the trademarks, is not dependent at all on the approval of the settlement with Semi–Tech and SSMC, and is independent of the settlement agreement approved by the Court. Moreover, on July 10, 1990, several months before the entry of the October 17, 1990 Order, this Court entered an Order and approved an agreement governing the non-debtor subsidiaries of the Debtor which provided, *inter alia,* that the non-debtors are authorized to transfer funds or properties to the debtor without the entry of an Order by the Court authorizing such transfer. Thus, even assuming without conceding that because of non-occurrence of the condition precedent to the settlement entered into between the Debtor and Semi–Tech and SSMC, the reassign-

ment provision of the Order was also subject to the self-destruct provision, it is clear that all non-debtor subsidiaries of the Debtor are currently authorized to transfer or reassign funds or properties to the Debtor. Thus, there is hardly any doubt that the Debtor did re-acquire the contract rights under its contract with Semi–Tech and SSMC. This being the case, there is no doubt that the Debtor has a cognizable interest in contract rights which were subject to the reassignment of royalty contract to the Debtor. For this reason, it cannot be gainsaid that all controversies relating to the property of the estate of the Debtor are "core" proceedings under 28 U.S.C. § 157(b)(2)(A) and (b)(2)(O), thus by virtue of 28 U.S.C. § 157(a) this Court has subject matter jurisdiction.

In addition, by virtue of specific provisions of 28 U.S.C. § 157(b)(2)(C), the Bankruptcy Code has jurisdiction of any counterclaim interposed by the Debtor against persons filing claims against the estate. Such counterclaims are described as "core" proceedings in which this Court is only to review by a timely filed Notice of Appeal filed pursuant to 28 U.S.C. § 158.

Testing the counterclaim under these principles, the Court is satisfied that the contentions of Semi–Tech and SSMC, whether construed to be a bona fide challenge of the subject matter jurisdiction of this Court or an assertion that the counterclaim fails to state claim for which relief can be granted, are without merit.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss is denied. It is further

ORDERED, ADJUDGED AND DECREED that the final evidentiary hearing scheduled for Aug. 21, 22, 23 at 9:00 a.m. shall remain on the calendar and proceed as originally scheduled. It is further

ORDERED, ADJUDGED AND DECREED that the parties shall furnish a list of witness they intend to call, including names and addresses and a schedule of all exhibits they intend to use at the final evidentiary hearing not later than two weeks before the date of the final evidentiary hearing is set. It is further

ORDERED, ADJUDGED AND DECREED that the violation of this Order and provisions may result in such sanctions against the offending parties as appear to be appropriate, including prohibiting the use of documents which were not included or prohibiting testimony of a witness whose name was not furnished within the time fixed by this Order.

DONE AND ORDERED.