**In re Shirley M. CORBLY, Debtor.**

**Bankruptcy No. 484–00310.**

United States Bankruptcy Court,
D. South Dakota.

Dec. 23, 1992.

Douglas P. Cummings, Jr., Sioux Falls, SD, for debtor.

Kyle L. Engel, Sioux Falls, SD, for City of Colton.

James A. Craig, Chapter 7 Trustee.

PEDER K. ECKER, Bankruptcy Judge.

On December 16, 1992, the Court heard and took under advisement Debtor's pro se motion to reconsider the Court's previous decision that a $3,000 debt should not be discharged pursuant to 11 U.S.C. § 523(a)(7). Debtor is represented by Sioux Falls Attorney Douglas P. Cummings, Jr. An objection was filed on behalf of the City of Colton, South Dakota, by Sioux Falls Attorney Kyle L. Engel, based on the doctrine of res judicata. The issue to be determined is whether subparagraph (B) of 11 U.S.C. § 523(a)(7) prevents the discharge of a "non-tax" penalty when the "transaction or event" relating to the penalty occurred more than three years before the date the bankruptcy petition was filed.

*Background*

The original legal combat surrounding this episodic dispute began in November, 1979, when Debtor, as co-owner of real property located in Colton, South Dakota, built an addition to a residential structure without obtaining a requisite building permit. The City of Colton filed a complaint requesting the Second Judicial Circuit Court to issue a permanent injunction enjoining the use or occupancy of the structure and immediate removal of the addition. Since the filing of that complaint, the following legal events have transpired:

● On January 13, 1981, the Second Judicial Circuit Court granted the City of Colton its requested relief and entered an order enjoining and restraining the use and/or occupancy of the constructed addition. Debtor was further ordered to remove or have removed the added construction.

● On March 1, 1983, the Second Judicial Circuit Court entered a $7,824.90 judgment against Debtor "for damages, attorney fees, and costs," inasmuch as the court "previously found Defendant to be in contempt of this Court's Mandatory Injunction filed January 13, 1981, for her willful and contemptuous failure to remove the addition which was the subject matter of this action." In addition, the order provided Debtor an opportunity to purge herself of the $3,000 contempt charge if she paid the remaining $4,824.90 attorney fees and costs. Debtor declined that opportunity.

● On October 3, 1984, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

● On November 13, 1986, this Court, having heard the City of Colton's complaint for nondischargeability, ruled that pursuant to 11 U.S.C. § 523(a)(7), $3,000 of the $7,824.90 judgment was nondischargeable since that portion of the judgment was imposed to uphold the dignity of the state court as a debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss...." The remaining $4,824.90 was declared dischargeable as it represented attorney fees and costs related to an act deemed as not constituting "willful and malicious injury." *See In re Corbly*, 61 B.R. 851 (Bankr. D.S.D.1986). Debtor subsequently appealed the Court's decision as to the $3,000 portion of the state court judgment.

● On June 30, 1987, the District Court affirmed the Bankruptcy Court's decision not to discharge the $3,000 portion of the state court judgment. *See Corbly v. City of Colton*, No. CIV 87–4006 (D.S.D. June 30, 1987).

● On November 5, 1992, this Court, having heard Debtor's motion to satisfy numerous judgments, including the $7,824.90 state court judgment, relied upon its 1986 decision to reiterate that, pursuant to Section 523(a)(7), the $3,000 portion of the $7,824.90 judgment was nondischargeable and could not be part of Debtor's order for judgment satisfaction.

● On December 16, 1992, this Court heard Debtor's motion for reconsideration. Debtor argued that subparagraph (B) of Section 523(a)(7) allows the $3,000 to be discharged since the "transaction or event" relating to the contempt portion of the state court judgment occurred in 1981, more than three years before Debtor filed for relief.

*Discussion*

■ In considering this issue, the Court first notes that in determining whether a particular debt falls within one of the exceptions to discharge, Section 523 should be strictly construed against the objecting creditor and liberally construed in favor of the debtor. 3 L. King, *Collier on Bankruptcy* ¶ 523.05A, at 523–19. "Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system." *Id.* In addition to this general rule of interpretation, the Court would also note it is committed to following the plain meaning rule of the Bankruptcy Code. *United States v. Ron Pair Enterprises, Inc.*, 828 F.2d 367 (6th Cir.1987); *In re Peterson*, 145 B.R. 631 (Bankr.D.S.D.1992); *In re Rowley*, 143 B.R. 547 (Bankr.D.S.D.1992), *citing Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *In re Gridley*, 131 B.R. 447 (Bankr.D.S.D.1991).

■ A discharge under Section 727 of Title 11 does not discharge an individual debtor from any debt

to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

The issue at hand is whether this language was intended to apply to tax penalties only. It is true that, in general, subparagraphs (A) and (B) of this section involve litigation to determine whether tax penalties will be excepted from discharge, but there is no specific language that limits this provision to only tax-related penalties. *See McKay*

*v. United States*, 957 F.2d 689 (9th Cir. 1992); *In re Bergstrom*, 949 F.2d 341 (10th Cir.1991); *In re Roberts*, 906 F.2d 1440 (10th Cir.1990); *In re Hartman*, 110 B.R. 951 (D.Kan.1990); *In re Matlock*, 104 B.R. 389 (Bankr.N.D.Okla.1989); 3 L. King, *Collier on Bankruptcy* ¶ 523.17, at 523–146 (15th ed. 1992). The Court finds that non-tax penalties may also be considered in relation to Section 523(a)(7)(B). It is appropriate, then to reconsider the determination to not discharge this $3,000 non-tax penalty pursuant to subparagraph (B) of Section 523(a)(7).

Previously, the Court held the $3,000 portion of the state court judgment to be the type of debt targeted by Section 523(a)(7). Based on this determination, and based on the determination that the $3,000 punishment was rendered to uphold the dignity of the state court, the Court found the debt to be nondischargeable. *In re Corbly*, 61 B.R. at 857, 858. Subparagraph (B) of Section 523(a)(7) is an added requirement, however, that refines or narrows the types of "fines, penalties, or forfeitures" that will actually be excepted from discharge. The plain language states that in order for a debt to be excepted from discharge, the transaction or event occurring in conjunction with the "fine, penalty, or forfeiture" must have occurred within "three years before the date of the filing of the petition." 11 U.S.C. § 523(a)(7)(B).

Debtor argues that the "transaction or event" that led to the state court's $3,000 punishment was Debtor's failure to comply with the state court's mandatory injunction to remove or have removed the added construction. And since the injunction occurred in January, 1981, it occurred more than three years before the October, 1984, filing of Debtor's Chapter 7 bankruptcy petition. The Court agrees. Therefore, the $3,000 debt owed by Debtor in connection with the state court judgment is not excepted from discharge due to the three-year limitation contained in the subparagraph (B) discharge provision of Section 523(a)(7)(B).

Debtor's motion to reconsider is granted. The $3,000 debt previously declared nondis-

chargeable is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(7)(B) inasmuch as the "transaction or event" that triggered the charge of contempt occurred more than three years before the date of the filing of this Chapter 7 bankruptcy petition. The Court shall enter an appropriate order.