In re AMERICAN FABRICATORS, INC., d/b/a Buffalo Tank Corporation of Florida, Debtor.

Charles W. GRANT, Trustee, Plaintiff,

v.

FLORIDA POWER CORPORATION, Whitlock Industrial Painting Co., Inc., A & A Welding & Fabrication, Inc., and, Tri State Contractors of Florida, Inc., Defendants.

Bankruptcy No. 94–62–BKC–3P7.
Adv. No. 95–86.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 1, 1995.

Robert Perry, Jacksonville, FL, for plaintiff.

Eric Kolar, Jacksonville, FL, for Whitlock Industrial Painting Co., Inc.

Henry Stein, St. Petersburg, FL.

Pat M. Fowler, Orange Park, FL.

Wayne Compton, Jacksonville, FL.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon the Motion to Dismiss by plaintiff the Counterclaim of defendant Whitlock Industrial Painting Co., Inc. (Whitlock), suggesting the counterclaim fails to state a claim upon

which relief can be granted. After a hearing on May 10, 1995, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Prior to January, 1994, debtor contracted with Florida Power Corporation (Florida Power) to improve Florida Power's property.

2. Debtor subcontracted portions of its contract to A & A Welding & Fabrication, Inc. (A & A). A & A then subcontracted a portion of its contract to Whitlock.

3. On January 6, 1994, an involuntary petition was filed against debtor under Chapter 7 of the Bankruptcy Code and after the order for relief, plaintiff was appointed as Trustee on August 19, 1994.

4. On March 15, 1995, plaintiff filed this adversary proceeding to recover the remaining balance owed to debtor by Florida Power for the completed improvements pursuant to the construction contract.

5. Plaintiff's complaint also seeks to determine the extent, validity, and priority of any liens claimed by Whitlock, A & A, and a third defendant, Tri State Contractors of Florida, Inc. Additionally, plaintiff objected to claims 13 and 14 filed by Whitlock and claim 46 filed by Florida Power.

6. Whitlock answered the complaint and asserted a counterclaim against the debtor and the plaintiff, alleging that A & A failed to pay Whitlock; A & A destroyed Whitlock's property; Whitlock perfected a construction lien on Florida Power's property and has a superior interest in any funds due to debtor or A & A from Florida Power; and, Whitlock is entitled to attorney fees, costs, and interest.

7. On May 4, 1995, plaintiff filed a Motion to Dismiss Counterclaim of Whitlock.

### CONCLUSIONS OF LAW

Plaintiff argues that Whitlock's counterclaim is procedurally improper because it seeks affirmative relief against the debtor which cannot be granted. Plaintiff further argues that any distribution from the estate must be done through the claims process. Finally, plaintiff argues that Whitlock must request relief from the automatic stay to file a counterclaim.

Federal Rule of Civil Procedure 13 provides for counterclaims generally. Bankruptcy Rule 7013 makes Rule 13 applicable to adversary proceedings. In application, "[t]he purpose of rule [13] is to prevent a multiplicity of litigation and to promote a prompt resolution of all disputes involving common matters." *In re Smith*, 52 B.R. 792, 795 (Bankr.E.D.Cal.1985).

To ensure efficient adjudication of adversary proceedings, Bankruptcy Rule 7013 allows courts broader discretion in determining whether to permit counterclaims to go forward. Bankruptcy courts have utilized this discretionary power to "give a liberal and broad construction to claims and counterclaims. . . ." *Id.*

In light of this relaxed view of Rule 13, Bankruptcy courts have been reluctant to dismiss counterclaims and have limited their inquiries on such motions to considering only the legal sufficiency of the counterclaim itself. "The purpose of a motion to dismiss is to test the sufficiency of the [counterclaim], not to decide its merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir.1989)), *cert. denied Chicago Housing Authority v. Triad Assocs., Inc.*, 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). Other courts in this district have held that "if the Motion to Dismiss is based on a proposition that the . . . counterclaim fails to state a claim for which relief can be granted, it is clear that all allegations in [the counterclaim] shall be liberally construed in favor of the pleader." *Bicoastal Corporation v. Semi–Tech Microelectronics (Far East) Limited*, 130 B.R. 597, 599 (Bankr.M.D.Fla.1991).

Courts generally do not favor dismissal for failure to state a claim for which relief can be granted. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir.1988). In fact, courts have emphatically held that a motion to dismiss for failure to state a claim "must be denied unless it appears without doubt that the plaintiff cannot prove a set of facts

in support of the claim for which relief could be granted." *Bicoastal Corporation v. Semi–Tech Microelectronics (Far East) Limited,* 130 B.R. 597, 599 (Bankr.M.D.Fla. 1991). *See also Illinois Health Care Ass'n v. Illinois Dep't of Public Health,* 879 F.2d 286, 288 (7th Cir.1989), and *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Thus, motions to dismiss for failure to state a claim for which relief can be granted are generally denied unless the movant can prove the legal insufficiency of the counterclaim. *Yeksigian v. Nappi,* 900 F.2d 101, 104 (7th Cir.1990).

■ The plaintiff bears the burden of proving that Whitlock's counterclaim is legally insufficient. Case law suggests two methods of proof: the plaintiff can show that Whitlock cannot prove facts in support of its claim, or the plaintiff can show that Whitlock's counterclaim fails to allege a necessary element required to obtain relief. *See Bicoastal Corporation v. Semi–Tech Microelectronics (Far East) Limited,* 130 B.R. 597, 599 (Bankr.M.D.Fla.1991), and *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.,* 895 F.2d 279, 281 (7th Cir.1989).

■ In support of his motion, plaintiff asserts essentially four arguments attempting to prove the legal insufficiency of Whitlock's counterclaim. First, the plaintiff argues that the counterclaim must be dismissed because it names plaintiff, in his capacity as Trustee, as the counterclaim defendant. Plaintiff argues that as trustee, he has "quasi-judicial immunity from damages." *Mullis v. United States Bankruptcy Court, District of Nevada,* 828 F.2d 1385, 1390 (9th Cir.1987) *appeal dismissed, cert. denied, Mullis v. United States Bankruptcy Court,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). However, a trustee "loses his immunity if he acts in the clear absence of all jurisdiction." *Id.* The Court finds that making this determination would require adjudication of the merits of Whitlock's counterclaim. Thus, this argument does not provide a basis for dismissal of the counterclaim.

■ Secondly, plaintiff argues that Whitlock's counterclaim must be dismissed because it seeks recovery not available outside a distribution of the estate and duplicates Whitlock's previously filed proof of claim. Thus, plaintiff suggests that Whitlock must use the claims and objections process to secure judgment against the estate. Bankruptcy Rule 7013 provides that a creditor is not required to file a compulsory counterclaim if that creditor has filed a claim against the estate, unless that claim arose after the petition date. Case law indicates, however, that the bankruptcy rules do not prohibit a creditor from filing a proof of claim and a counterclaim when sued by the trustee. *Zweygardt v. Colorado National Bank of Denver,* 51 B.R. 214, 215 (D.Colo.1985). Case law also suggests that Congress did not limit all claims against the estate to the claims and objections process. *Id.*

■ Thirdly, plaintiff argues that because the debtor has no assets, any judgment obtained by Whitlock would be of no value, and the counterclaim must be dismissed because the litigation will have no practical benefit for either party. The Court finds that this argument would require a determination of the merits of the counterclaim and as previously discussed, the Court will not decide the merits of the counterclaim for purposes of the motion to dismiss.

■ Finally, the plaintiff argues that Whitlock's counterclaim should be dismissed because it violates the automatic stay provided by 11 U.S.C. § 362, which states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . .

11 U.S.C. § 362(a)(1).

Case law has identified various claims which are properly assertable as counter-

claims pursuant to Federal Rule of Civil Procedure 13. *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 160 B.R. 586, 591 (S.D.Ill. 1993). *See also* 11 U.S.C. § 362(a)(7). Case law has further established that these counterclaims are not subject to the automatic stay. *Holford v. Powers*, 896 F.2d 176, 179 (5th Cir.1990), and 11 U.S.C. § 362(a)(7). This Court finds that Whitlock's counterclaim is not subject to the automatic stay.

The Court finds that plaintiff has failed to meet his burden in proving the legal insufficiency of Whitlock's counterclaim. The plaintiff has produced substantial argument regarding the merits of the counterclaim, but the Court finds it inappropriate to decide those issues on a motion to dismiss. To preserve Whitlock's right to argue its entitlement to setoff, recoupment, or any other legal position, the Court finds it appropriate that the parties should present evidence to support their respective arguments at a trial. The Court makes this finding with caution to Whitlock that it cannot be placed in a better position than other similarly situated creditors, and that it will not be entitled to a monetary judgment against the trustee. This finding binds only the plaintiff and defendant Whitlock.