In re Harry R. RICKETSON and
Patricia Ricketson, Debtors.

Patricia RICKETSON, Plaintiff,

v.

STATE OF FLORIDA DEPARTMENT
OF ENVIRONMENTAL PRO-
TECTION, Defendant.

Bankruptcy No. 93–765–BKC–3P7.
Adv. No. 95–241.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 18, 1995.

Robert Altman, Palatka, Florida, for Debtors/Plaintiff.

Jonathan H. Alden, State of Fla. Dept. of Environmental Protection, Tallahassee, Florida, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon plaintiff's motion for partial summary judgment as to Count I of the Complaint and defendant's motion to dismiss the complaint. After consideration of the pleadings, briefs and arguments made at the hearing held on October 25, 1995, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On February 19, 1993, Patricia Ricketson and Harry R. Ricketson filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Main Case Record at 1).

2. Florida Department of Environmental Protection ("DEP") is listed as a creditor on Schedule F of the petition. (Main Case Record at 9).

3. On December 22, 1989, DEP sued Patricia Ricketson ("Ricketson") in the case entitled *State of Florida Department of Environmental Protection v. Hazardous Waste Consultants, Inc.,* Case No. C189–10014 (Fla. Cir.Ct.). (Defendant's Memo. at 2). A January 15, 1993 trial date was scheduled for the trial. (*Id.*). As an affirmative defense, Ricketson asserted that she had received a discharge in bankruptcy. (Adv. Record at 10).

4. On February 24, 1993, Ricketson filed a Suggestion of Bankruptcy with the state Court. (Adv. Record at 1, Ex. "2"). On June 1, 1993 Ricketson received a discharge that was filed with the state court. (Main Case Doc. 23, Adv. Record at 1, Ex. "1").

5. A new state court trial date was scheduled for August 30, 1994. (Defendant's Memo. at 2).

6. On September 22, 1994, the state court entered Final Judgment in favor of DEP and against Ricketson for $75,000.00 in civil penalties, bearing an interest rate of twelve percent (12%) per anum. (Adv. Record at 1, Ex. "3"). The civil penalties were assessed for environmental violations that occurred between 1986 and August 1989. (*Id.*).

7. On August 9, 1995, Ricketson moved to the reopen the bankruptcy case entitled *In Re Patricia Ricketson and Harry Ricketson,* Case No. 93–765–BKC–3P7. (Main Case Record at 26). This Court issued an Order on the Motion to Reopen the Case, granting Ricketson thirty (30) days to file an adversary proceeding, and the adversary proceeding was commenced on August 9, 1995. (*Id.*)

8. Ricketson's contentions are twofold. First, Count I of the complaint alleges that the civil penalties for $75,000.00 plus any accruals and/or attorney fees imposed by the state court are not excepted from discharge pursuant to § 523(a)(7)(B). (Adv. Record at 1). Count I forms the basis for Ricketson's motion for partial summary judgment. (Adv. Record at 6).

9. Secondly, Count II of the complaint alleges that DEP violated 11 U.S.C. § 524 because it continued the suit despite the

automatic stay, failed to acknowledge the Suggestion of Bankruptcy, and continued the suit after a discharge was entered on June 1, 1993. (Adv. Record at 1).

10. DEP moved to dismiss Ricketson's complaint asserting that there is no basis for plaintiff's claim under 11 U.S.C. §§ 523(a)(7) and 524. (Adv. Record at 4). DEP further asserts that this court is barred by the doctrine of res judicata from relitigating Ricketson's claim of dischargeability. (Adv. Record at 5, 8–10). DEP also asserts that the Automatic Stay and Discharge in bankruptcy are inapplicable to an action by a governmental unit. (*Id.*).

## CONCLUSIONS OF LAW

This Court must decide two issues. First, whether Ricketson's Motion for Summary Judgment on Count I of the Complaint should be granted. Secondly, whether DEP's Motion for Dismissal of this Adversary Proceeding should be granted.

### A. *Ricketson's Motion for Summary Judgment on Count I of the Complaint*

█ A motion for summary judgment is granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56; Fed. R.Bankr.P. 7056. The burden of demonstrating that no genuine issue as to any material fact exists falls on the party moving for summary judgment. *Macks v. United States of America (In re Macks)*, 167 B.R. 254, 256 (Bankr.M.D.Fla.1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). After the moving party has met its burden, the party opposing a Motion for Summary Judgment must make a sufficient showing establishing the existence of an essential element of that party's case on which the party bears the burden of proof at trial. *Id.*

The facts in this case are not in dispute, therefore, this Court needs only to decide whether Ricketson is entitled to Summary Judgment as a matter of law. The legal question before the Court is whether section 523(a)(7)(B) applies solely to tax penalties or whether the provision can be applied to other penalties payable to or for the benefit of a governmental unit. Section 523(a)(7) of the Bankruptcy Code provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such a debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of filing of the petition; ....

11 U.S.C. § 523(a)(7) (1994). Neither the Bankruptcy Court of the Middle District of Florida, the Eleventh Circuit Court of Appeals, nor the Supreme Court has confronted the issue of whether subsection 523(a)(7)(B) applies to penalties other than tax penalties. This Court will now seek guidance from other courts.

The Court begins with *In re Daugherty* where the court addressed whether a judgment representing civil penalties for violation of the Tennessee Mineral Surface Mining Law of 1972 was excepted from debtor's discharge in bankruptcy. *In re Daugherty*, 25 B.R. 158, 158 (Bankr.E.D.Tenn.1982). On a different ground, the court held that the judgment representing the civil penalties was excepted from discharge. *Id.* at 162. However, with respect to subsection 523(a)(7)(B), the court ruled that this subsection is limited to tax penalties. *Id.* at 160–61. The court reasoned that "the structure of clause (7) of the statute and its subclauses persuades the court that the applicability of the 3–year period of subclause (B) is limited to tax penalties. If Congress had intended otherwise the language of subclause (B) would either immediately preceded or followed the phrase

'not compensation for pecuniary loss.'" *Id.* at 161.

Next, the court in *In re Corbly* addressed whether 523(a)(7)(B) prevents the discharge of a "non-tax" penalties occurred more than three years before the date the bankruptcy petition was filed. *In re Corbly,* 149 B.R. 125, 127 (Bankr.D.S.D.1992). The court found that "non-tax" penalties may also be considered in relation to section 523(a)(7)(B). *Id.* The court reasoned that there is no specific language in the statute that limits this provision to only tax-related penalties. *Id.*

The *Seals* court also examined whether civil penalties for violation of mining laws were excepted from discharge under section 523(a)(7). *Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet v. Seals,* 161 B.R. 615, 617 (W.D.Va.1993). The court concluded that the provision in subsection 523(a)(7)(B) applies only to tax penalties. *Id.* at 618 n. 8.

Finally, in *Hemingway,* the court addressed whether an award of costs to the Attorney General against the debtor were considered a "fine, penalty or forfeiture" under the statute. *People of the State of N.Y. v. Hemingway (In re Hemingway),* 39 B.R. 619, 621 (N.D.N.Y.1983). In addressing that issue, the court recognized that "cases decided under subsection 523(a)(7)(B) generally deal with tax and criminal related penalties, and not anything analogous to the award of costs in a civil proceeding." *Id.*

Commentators also agree that subsection 523(a)(7)(B) applies only to tax fines, forfeitures, and penalties. *See, e.g.,* 3 Norton Bankruptcy Law and Practice 2d, § 47:46 (1994) (stating that the "three-year limitation in Code § 523(a)(7) applies only to tax penalties and not to other governmental fines, forfeitures, and penalties."); 3 King, Colliers on Bankruptcy, ¶ 523.17 (1994) (stating that, "[u]nder paragraph (B) if the *tax penalty* was imposed with respect to a transaction or event that occurred more that three years before the date of the filing of the petition, such penalty is discharged.") (emphasis added). Only the *Corbly* court agrees that subsection 523(a)(7)(B) applies to penalties other than tax penalties. *Corbly,* 149 B.R. at 127.

The *Corbly* court, however, failed to provide any explanation for its conclusion. *Id.* This Court finds that subsection 523(a)(7)(B) applies only to tax fines, forfeitures, and penalties.

In this case, Ricketson argues that the $75,000.00 civil penalties awarded to DEP should not be excepted from discharge pursuant to subsection 523(a)(7)(B) because the penalties are payable to and for the benefit of a governmental unit imposed with respect to a transaction or event that occurred more than three years before the filing of Ricketson's Chapter 7 bankruptcy petition. Subsection 523(a)(7)(B) applies only to tax penalties. Penalties awarded to DEP are not tax penalties. Consequently, the Ricketson's motion for Summary Judgment as to Count I of the Complaint should be denied because 523(a)(7)(B) is applicable only to tax penalties, and Count I of the complaint will be dismissed.

## B. DEP's Motion to Dismiss This Adversary Proceeding

DEP contends that this adversary proceeding should be dismissed in its entirety because the doctrine of res judicata bars relitigation of the claim of dischargeability and the complaint failed to state a claim upon which relief can be granted. The Court now turns to the first basis for dismissal, the doctrine of res judicata.

### 1. The Doctrine of Res Judicata

Although DEP argues that this Court should not revisit the claim of dischargeability because Ricketson raised it as an affirmative defense in the state court proceeding, the state court's Final Judgment failed to address Ricketson's affirmative defense of dischargeability. (Adv. Record at 1, Ex. "3"). Res judicata works to foreclose claims that might have been previously litigated. *In re Darling,* 141 B.R. 239, 241 (Bankr.M.D.Fla.1992). The state court did not address whether Ricketson's civil penalties for $75,000.00 are dischargeable in its Final Judgment. (Adv. Record at 1, Ex. "3"). Res judicata does not apply to this proceeding. Therefore, DEP's motion to dis-

miss under the doctrine of res judicata is denied.

### 2. *Failure to State A Claim Upon Which Relief Can be Granted*

■ DEP's second basis for dismissal is Ricketson's failure to state a claim upon which relief can be granted. In a recent decision, this Court has held that a dismissal for failure to state a claim for which relief can be granted is disfavored. *Grant v. Florida Power Corp. (In re American Fabricators, Inc.)*, 186 B.R. 526, 529 (Bankr.M.D.Fla. 1995) (citations omitted). The motion to dismiss for failure to state a claim or cause of action is denied " 'unless it appears without a doubt that the plaintiff cannot prove a set of facts in support of the claim for which relief could be granted.' " *Id.* (quoting *Bicoastal Corp. v. Semi–Tech Microelectronics (Far East), Ltd. (In re Bicoastal Corp.)*, 130 B.R. 597, 599 (Bankr.M.D.Fla.1991)). On a motion to dismiss, the court considers only the complaint. *Bicoastal,* 130 B.R. at 599. The movant bears the burden to show that the plaintiff's claim is legally insufficient. *Florida Power Corp.*, 186 B.R. at 529.

Count II of the complaint, the only remaining count, alleges that DEP's action in pursuing the prepetition litigation against Ricketson after the automatic stay was in effect and after the granting of a discharge is a violation of 11 U.S.C. § 524. (Adv. Record at 1). DEP, however, contends that it is not effected by automatic stay nor the discharge because the instant penalties are non-dischargeable. This Court holds that Ricketson's complaint is legally sufficient. DEP has not met its burden of showing that the complaint is legally insufficient. Thus, DEP's Motion to Dismiss this adversary proceeding is denied.

### CONCLUSION

Ricketson's Motion for Partial Summary Judgment as the Count I of the complaint is denied and Count I is dismissed because 11 U.S.C. § 523(a)(7)(B) applies only to tax fines, penalties and forfeitures.

DEP's Motion to Dismiss this adversary proceeding is granted as to Count I of the complaint. However, DEP's Motion to Dis-

miss is denied as to Count II of the complaint because DEP has not met its burden of showing plaintiff's claim under 11 U.S.C. § 524 is legally insufficient and the doctrine of res judicata does not apply in this proceeding.

The Court will enter a separate order consistent with these findings of fact and conclusions of law.

*ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF THE COMPLAINT, GRANTING DEFENDANT'S MOTION TO DISMISS AS TO COUNT I OF THE COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS AS TO COUNT II OF THE COMPLAINT, REQUIRING DEFENDANT TO FILE AN ANSWER IN 20 DAYS, AND SCHEDULING PRETRIAL CONFERENCE*

This adversary proceeding came before the Court upon plaintiff's motion for partial summary judgment as to Count I of the complaint and defendant's motion to dismiss the complaint. Upon findings of fact and conclusions of law separately entered, it is,

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment as to Count I of the Complaint is denied.

2. Defendant's Motion to Dismiss is granted as to Count I of the complaint and is denied as to Count II of the complaint.

3. Defendant shall file an answer to Count II of the complaint within twenty (20) days of the date of this order.

4. A Pretrial Conference is scheduled for January 31, 1996 at 9:00 a.m. in Room 240, United States Courthouse and Post Office Building, 311 West Monroe Street, Jacksonville, Florida.