**In re Joseph Victor JIMMO, Lois May Jimmo, Debtors.**

**DURHAM INLAND WETLANDS & WATERCOURSES AGENCY, Plaintiff**

v.

**Joseph Victor JIMMO, Lois May Jimmo, Defendants.**

**Bankruptcy No. 95–23389. Adv. No. 96–2107.**

United States Bankruptcy Court, D. Connecticut.

Jan. 16, 1997.

Kenneth E. Lenz, The Lenz Law Firm, Cheshire, CT, for Plaintiff.

Janis M. Small, Wallingford, CT, for Defendants.

### MEMORANDUM OF DECISION AND ORDERS ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

### ISSUE

Before the court are the parties' cross-motions for summary judgment concerning the dischargeability *vel non* of certain obligations imposed on the debtors-defendants by a state-court judgment. The judgment was rendered in favor of the plaintiff-governmental unit based upon the debtors' violations of the Connecticut Inland Wetlands and Watercourses Act. The plaintiff contends, and the debtors deny, that the said obligations qualify as fines or penalties not dischargeable under Bankruptcy Code § 523(a)(7).[1] The parties, in addition to their

---

1. Section 523(a)(7) provides:
   (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

   .    .    .    .    .

   (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

motions and memoranda, have submitted a stipulation of facts believed sufficient to enable the court to render a ruling.

## II.

## BACKGROUND

The debtors, Joseph Victor Jimmo (Joseph) and Lois Mary Jimmo (Lois), on September 29, 1995, filed a joint Chapter 7 petition. A state court, on May 5, 1995, following a contested trial, had issued a Memorandum of Decision (the "Decision") concluding that Joseph, with the knowledge and consent of Lois, during 1991 had performed illegal construction activities in filling wetlands on a four-and-one-half-acre parcel of land (the "Property"), owned by Lois and located in Durham, Connecticut. The construction had caused severe damage to nearby wetlands and ponds. The Durham Inland Wetlands and Watercourses Agency, the plaintiff in the state-court action, and the plaintiff here, is stipulated to be a "governmental agency" authorized to bring an action under the Inland Wetlands and Watercourses Act, Conn.Gen.Stat. §§ 22a–36 *et seq.*, for violation of these statutes and of the plaintiff's regulations. *Stipulation* No. 3.

The state court, after finding that the debtors' actions were intentional, willful and violated the plaintiff's regulations, and that the debtors failed to comply with duly-pro-

mulgated cease and desist orders, awarded, pursuant to Conn.Gen.Stat. § 22a–44(b)[2], attorneys' fees to the plaintiff in the amount of $12,000 and imposed, in favor of the plaintiff, "a fine of $100 per day from October 22, 1991 through May 1, 1995, 1285 days for an accrued fine of $128,500." *Decision* at 21.

The state court, on July 12, 1995, entered a supplemental "Injunction and Order of Remediation" (the "Remediation Order") which, *inter alia,* ordered that persons to be selected by the plaintiff restore the wetlands on the Property to original conditions by October 15, 1995, with such persons to act under the direction of Patricia J. Gillin, Esq., a court-appointed committee. The state court retained jurisdiction to "supplement the award on behalf of the Agency to include the future, reasonable compensation for Attorney Patricia Gillin or such other person that the Court may be required to designate in order to supervise the restoration of the wetlands ... [and] reasonable costs of the persons or companies employed by the Agency and Attorney Gillin to accomplish the restoration on the ... property." *Remediation Order* at 3. The Remediation Order also continued the "civil penalty" of $100 per day "until the remediation is completed." *Id.* at 4. The Connecticut Appellate Court, on June 18, 1996, dismissed the debtors' appeal of the Decision and the Remediation Order. *Stipulation* No. 10. "The remediation has

---

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition....

11 U.S.C. § 523(a)(7).

**2.** Section 22a–44(b) provides:

Any person who commits, takes part in, or assists in any violation of any provision of sections 22a–36 to 22a–45, inclusive, including regulations adopted by the commissioner and ordinances and regulations promulgated by municipalities or districts pursuant to the grant of authority herein contained, shall be assessed a civil penalty of not more than one thousand dollars for each offense. Each violation of said sections shall be a separate and distinct offense, and, in the case of a continuing violation, each day's continuance thereof shall be deemed to be a separate and distinct offense. The superior court, in an action brought by the commissioner, municipality, district or any person, shall have jurisdiction to

restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or removed and to assess civil penalties pursuant to this section. All costs, fees and expenses in connection with such action shall be assessed as damages against the violator together with reasonable attorney's fees which may be allowed, all of which shall be awarded to the commissioner, municipality, district or person which brought such action. All penalties collected pursuant to this section shall be used solely by the commissioner of environmental protection (1) to restore the affected wetlands or watercourses to their condition prior to the violation, wherever possible, (2) restore other degraded wetlands or watercourses, (3) inventory or index wetlands and watercourses of the state, or (4) implement a comprehensive training program for inland wetlands agency members.

Conn.Gen.Stat. § 22a–44(b) (1995).

not been commenced as a result of the [debtors'] filing for bankruptcy protection." *Stipulation* No. 8. They apparently have not paid anything to the plaintiff.

The plaintiff claims that the accrued fine of $128,500, plus its continuing accrual at $100 per day since May 1, 1995, the attorneys' fees of $12,000 and the court order to pay the committee's fees are all nondischargeable under § 523(a)(7) as fines or penalties payable to and for the benefit of the plaintiff as a governmental agency and are not compensation for actual pecuniary loss. The plaintiff further argues that the debtors' duty to remediate does not qualify as a ·"claim" or "debt" dischargeable in bankruptcy.

The debtors contend that the $128,500 accrued fine, the attorneys' fee award of $12,000, the committee's fees, and the costs of remediation are all dischargeable under § 523(a)(7) because they are, in fact, compensation for actual pecuniary losses, and are not fines or penalties. The debtors also argue that the $128,500 accrued fine is dischargeable because it was imposed with respect to events that occurred before three years before the date of the filing of the petition and, thus, comes within the exception of § 523(a)(7)(B). As for the plaintiff's contention that the obligations imposed by the Remediation Order do not constitute a "debt" or "claim", the debtors respond that they clearly are such, since the Remediation Order requires the debtors to reimburse the plaintiff for the remediation costs. The debtors question whether the plaintiff, who did not raise this issue in its complaint, should be permitted to raise it for the first time in its brief.

## III.

### DISCUSSION

A. *The Accrued Fine Of $128,500 Is Not Dischargeable*

■ The debtors proffer two arguments as to why the accrued fine of $128,500, imposed in the Decision, is dischargeable. They first point to the language of Conn.Gen.Stat. § 22a–44(b), which provides that "[a]ll penalties collected pursuant to this section shall be used ... to restore the affected wet-

lands...." They then argue that "[i]t is clear that the fines collected are to be used for remediation and reimbursement for the actual expenses incurred in restoring the wetlands" and, thus, constitute dischargeable compensation for actual pecuniary loss. *Debtors' Reply Brief* at 3. This argument fails. The $128,500 accrued fine is in addition to the costs of remediation yet to be assessed against the debtors for their actions. The fine was clearly imposed, at the rate of $100 per day, as a consequence of the debtors' noncompliance and qualifies as a true civil penalty. *See New Hampshire v. Tinkham (In re Tinkham),* 59 B.R. 209, 213 (Bankr.D.N.H.1986) ($670,000 assessment found to be nondischargeable civil penalty for violation of state waste-disposal statute, where debtor also assessed $11,357,000 for cost of clean-up); *Tennessee Dep't of Conservation v. Daugherty (In re Daugherty),* 25 B.R. 158 (Bankr.E.D.Tenn.1982) (Civil penalties against debtor, which were separate from an order requiring debtor to submit and carry out a plan of reclamation approved by the state for violations of state Mineral Surface Mining Law, were nondischargeable).

■ The debtors' alternate argument is that the $128,500 accrued fine is dischargeable because the actions which resulted in the accrued fine occurred prior to three years before the filing of the petition, reading § 523(a)(7)(B) as applying to all fines, penalties, or forfeitures, and not limited to a tax penalty. The debtors rely upon the holding in *In re Corbly,* 149 B.R. 125, 127 (Bankr. D.S.D.1992) that "non-tax penalties may also be considered in relation to Section 523(a)(7)(B)." The *Corbly* court determined that "[t]he plain language states that in order for a debt to be excepted from discharge, the transaction or event occurring in conjunction with the 'fine, penalty, or forfeiture' must have occurred within 'three years before the date of the filing of the petition.' 11 U.S.C. § 523(a)(7)(B)." *Id.*

*Corbly* apparently stands alone, as all other courts which have published rulings on this issue have found that § 523(a)(7)(B) applies only to tax fines, penalties and forfeitures. They, unlike the *Corbly* court, do not find a plain meaning in the statute. They,

accordingly, focus upon the structure of clause 7, and its subclauses, and note the language of subclause (B) does not precede or follow the phrase "not compensation for actual pecuniary loss." These courts also refer to the statute's legislative history where the floor managers of this legislation explained: "The House amendment also adopts the Senate amendment provision limiting the nondischargeability of punitive tax penalties.... Under the House amendment, tax penalties which are basically punitive in nature are to be nondischargeable only if the penalty is computed by reference to a related tax liability which is nondischargeable or, if the amount of the penalty is not computed by reference to a tax liability, the transaction or event giving rise to the penalty occurred during the 3–year period ending on the date of the petition." 124 Cong.Rec. H11,114 (daily ed. Sept. 28, 1978) (remarks of Rep. Don Edwards); 124 Cong.Rec. S17,430–1 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini). *See e.g. Ricketson v. State of Florida Dept. of Environmental Protection (In re Ricketson)*, 190 B.R. 684, 686–87 (Bankr.M.D.Fla.1995) (collecting authorities that hold § 523(a)(7)(B) applies only to tax fines); *Daugherty*, 25 B.R. at 160–61 (seminal ruling).

The court concludes that it will not follow *Corbly* and rules that, based upon the foregoing analysis of statutory language and legislative history, subparagraph (B) only applies to tax-related penalties, rather than to all fines, penalties and forfeitures which are excepted from discharge under § 523(a)(7). The accrued fine of $128,500 is not dischargeable.

B. *The Attorneys' Fee Award Of $12,000, And The Obligation To Reimburse The Plaintiff For Committee's Fees And Costs of Remediation Are Discharged*

■ The Connecticut Appellate Court has held that Conn.Gen.Stat. § 22a–44(b) authorizes a court to enter a judgment for "all direct costs, fees and expenses incurred by the agency in connection with an action brought to restrain a continuing violation of the Inland Wetlands and Watercourses Act." *Stamford v. Kovac*, 36 Conn.App. 270, 280, 650 A.2d 626 (1994). When the state court, in its Decision, "award[ed] judgment for attorneys fees [sic] in the amount of $12,000", it undoubtedly did so in connection with the plaintiff's submission of fees it incurred in the proceeding against the debtors. *Decision* at 21. *Stipulation* No. 6b. In such instance, the attorneys' fees are compensatory for the plaintiff, and not awarded as a fine or penalty. The attorneys' fee award of $12,000, accordingly, is dischargeable.

■ This same rationale applies to the obligation to pay the plaintiff for the compensation due the court-appointed committee and for the costs of persons hired by the plaintiff to perform the remediation. The purpose of the order is to compensate the plaintiff for its actual pecuniary costs in effecting the restoration of the wetlands on the Property, and does not constitute an order levying a fine or penalty. *See Illinois v. Tapper (In re Tapper)*, 123 B.R. 594, 605 (Bankr.N.D.Ill.1991) (where state attorney general, under Illinois consumer fraud act, is awarded costs by state court "such costs do not constitute a 'fine, penalty or forfeiture' within the meaning of 11 U.S.C. § 523(a)(7) ... [but are] nothing more than 'compensation for actual pecuniary loss' as that phrase is used in § 523(a)(7)"); *New York v. Hemingway (In re Hemingway)*, 39 B.R. 619, 620 (N.D.N.Y.1983) (same under New York consumer fraud act). *Cf. In re Zarzynski*, 771 F.2d 304 (7th Cir.1985) (costs imposed against debtor in criminal proceeding not dischargeable).

The committee's fees and the costs of remediation to be payable to the plaintiff are dischargeable as compensation for actual pecuniary loss.

C. *The Obligation to the Plaintiff for Remediation is a Claim or Debt under 11 U.S.C. § 101(5) and (12)*

■ The plaintiff makes the argument that the debtors' obligation for remediation does not qualify as a claim or debt under the

Bankruptcy Code. It asserts that the state-court order at "heart" requires the debtors "to remediate" and "is not a 'debt' or 'claim' under 11 U.S.C. § 104 [sic][3] because the Agency is not seeking a right to payment, but exercising its right to force the debtors to comply with the Court's order." *Plaintiff's Brief* at 8. The plaintiff, to support this contention, arbitrarily ignores the clear language of the state-court rulings. Under both the Decision and the Remediation Order, the debtors were ordered to reimburse the plaintiff for the cost of the work of remediation. The debtors were neither ordered nor permitted to do the work themselves. Under these circumstances, the state-court order on remediation falls squarely within the holding of the U.S. Supreme Court in *Ohio v. Kovacs,* 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985). *Kovacs* determined that where the state essentially seeks from a debtor monetary payments to clean up a hazardous waste disposal site for the debtor's prepetition violation of state environmental laws, such payments are a liability on a claim under 11 U.S.C. § 101(5) and (12) and dischargeable under the bankruptcy statute. *See also U.S. v. LTV Corp. (In re Chateaugay Corporation),* 944 F.2d 997 (2d Cir.1991) (response costs incurred by United States Environmental Protection Agency under Comprehensive Response, Compensation and Liability Act were prepetition claims, dischargeable in bankruptcy, regardless of when such costs were incurred so long as such costs concerned prepetition actions of the debtor). The court concludes that this contention of the plaintiff is unpersuasive, and its claim for reimbursement of remediation costs, based on the debtors' prepetition activities, qualifies as a claim and a debt under the Bankruptcy Code.

## IV.

### CONCLUSION

The plaintiff's motion for summary judgment is granted, in part, so that a judgment will enter that the $128,500 accrued fine is determined to be a fine or penalty under § 523(a)(7) and not dischargeable. The debtors' motion for summary judgment is granted, in part, so that a judgment will enter that the $12,000 attorneys' fee award, debtors' responsibility for committee's fee and costs of remediation incurred or to be incurred by the plaintiff constitute compensation for actual pecuniary loss and are discharged. Inasmuch as the state-court ruling concerning the accrual of the $100 per day fine after May 1, 1995 was conditional,[4] this court will not assume that the state court would assess additional penalties in light of the filing of the debtors' bankruptcy petition while their appeal of the state court's final judgment was pending.

It is SO ORDERED.

---

3. The reference to § 104 is an obvious error. The plaintiff is referring to § 101, which contains the following definitions for title 11:

    (5) "claim" means—

        (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

        (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

    (12) "debt" means liability on a claim.... 11 U.S.C. § 101.

4. "The court will retain jurisdiction to review only the future accruing fines after remediation is completed taking into account the cooperation of the defendants and the cost of remediation." *Decision* at 21. *Stipulation* No. 6a.